UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Civil Action No. 2:25-cv-13541-DCN

| | |
|---|---|
| TEXAS INSURANCE COMPANY,<br><br>                                    Plaintiff,<br>vs.<br><br>WOOD SMITH HENNING & BERMAN, LLC and George B. Smythe, Jr., Esq.,<br><br>                                    Defendants. | |

**VERIFIED COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff TEXAS INSURANCE COMPANY ("TIC") and by and through their undersigned counsel, hereby state claims for legal professional negligence and breach of contract upon which relief can be granted against the Defendants, WOOD SMITH HENNING & BERMAN, LLC ("Law Firm") and George B. Smythe, Jr., Esq. ("Mr. Smythe") (Law Firm and Smythe collectively "Smythe"), and allege as follows:

**SUMMARY OF THE CASE**

1.      This legal malpractice action arises from Smythe's failure to meet the standard of care in their legal representation of several LLCs with ownership and management interests in an apartment complex in Richland County, South Carolina, all insured by TIC. TIC retained Smythe to represent and defend its insureds, the LLCs. The LLCs were named as defendants in a wrongful death lawsuit brought on behalf of a young lady, Wynter Straw, who was shot and killed by her husband on the apartment complex premises (the "Underlying Lawsuit"). Despite obtaining two extensions, Smythe failed to file an Answer timely on behalf of their LLC clients, leading to a

motion for entry of default in the Underlying Lawsuit. TIC and its insureds were compelled to settle the Underlying Lawsuit for $400,000, incurring significant damages due to Smythe's professional negligence and breach of contract.

The Underlying Lawsuit alleged the LLCs were negligent in failing to maintain a security gate on the premises, which permitted the victim's estranged husband to enter the property and shoot her several times, which led to her death. After Smythe failed to timely file an Answer, after the plaintiff filed an affidavit of default and a motion for entry of default in the Underlying Lawsuit, and during a mediation, an unredacted police report was received showing that the decedent lived with her assailant and knew that he was home when she arrived at the apartments, and was later shot. Because liability is admitted when in default, TIC and its insureds could not use the police report to defend the plaintiff's claim that they were liable for Ms. Straw's death. TIC paid Ms. Straw's estate $400,000 to settle.

Had Smythe met the standard of care by timely filing an Answer in the Underlying Lawsuit, the available evidence, including the police report, should have defeated the plaintiff's claims that the LLCs were liable and should have led to an Order dismissing or granting summary judgment on all claims against the LLCs. It was reasonably foreseeable to a prudent lawyer defending clients in a lawsuit that failing to file an Answer timely, thereby allowing the clients to go into default, would prevent the clients from submitting evidence to establish that they are not liable to the plaintiffs for the claims asserted against them. Had Smythe met the standard of care, TIC should have incurred a modest amount of legal fees, and not paid anywhere near the $400,000 that was paid to settle the claim.

## PARTIES

2. Plaintiff TEXAS INSURANCE COMPANY is an insurance company organized under the laws of the State of Texas with offices in Omaha, Nebraska.

3. Defendant WOOD SMITH HENNING & BERMAN, LLC is a Limited Liability Company formed under the laws of the State of South Carolina with an office in Charleston County, South Carolina.

4. Defendant George B. Smythe, Jr., Esq. is a lawyer licensed to practice law in the State of South Carolina, who, upon information and belief, is a resident of Charleston County, South Carolina.

## JURISDICTION

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because TIC seeks to recover a sum or value over $75,000, exclusive of interest and costs, and this controversy is between citizens of different States.

6. TIC is a corporate domiciliary of the State of Texas with offices in the State of Nebraska, different than the Defendants, who are a citizen and corporate domiciliary of the State of South Carolina.

7. Based upon the acts, actions, events, and occurrences set forth herein, this Court has personal jurisdiction over Defendants, who are a citizen and corporate domiciliary of South Carolina, and based on their commission of tortious acts and contract breaches in South Carolina causing injuries to TIC; and having effect in South Carolina against TIC's interests.

## VENUE

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that this action was commenced in the judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to this Court's personal jurisdiction regarding this action.

## FACTS

5. TIC provided insurance coverage at all relevant times to LINCOLN AVENUE CAPITAL MANAGEMENT, LLC ("Lincoln") and its affiliate entities, including CARRINGTON APARTMENTS OWNER, LLC and FRANKLIN JOHNSTON GROUP MANAGEMENT & DEVELOPMENT, LLC (collectively "the LLCs"). Under the insurance coverage, TIC had an obligation to indemnify the LLCs for liabilities arising from operating an apartment complex.

6. The LLCs owned and managed an apartment complex known as "Carrington Place at Wildwood" located in Columbia, South Carolina ("the Apartments").

7. On March 26, 2023, at approximately 6 pm, 25-year-old Wynter Straw was shot several times by her husband on the Apartment's premises and succumbed to her injuries.

8. On May 20, 2024, a lawsuit styled, *Lashon Williams as Personal Representative for the Estate of Wynter Straw v. Carrington Apartments Owner, LLC, Weller Management, LLC, and Franklin Johnston Group Management & Development LLC*, Civ. Action No. 2024-CP-40-03099, was filed in Court of Common Pleas in the Fifth Judicial Circuit, County of Richmond, South Carolina (the "Underlying Lawsuit"). A copy of the Summons & Complaint is filed with this lawsuit as **Exhibit 1-1**.

9. The legal theory supporting the alleged claims asserted in the Underlying Lawsuit centered on allegations that the LLCs failed to maintain the security gate, allowing her husband to gain unauthorized access to the apartments.

10. On May 24, 2024, the LLCs were served with the Summons & Complaint in the

Underlying Lawsuit.

11. Under the South Carolina Rules of Civil Procedure, the LLCs' Answer was required to be filed on or before Monday, June 24, 2024.

12. After the LLCs were served with process, Smythe were engaged by TIC to defend its insureds, the LLCs, in the Underlying Lawsuit.

13. Smythe accepted the engagement, and by doing so agreed to exercise their obligations consistent with the standards required of lawyers and law firms in South Carolina.

14. On June 21, 2024, Smythe made a request to plaintiff's counsel for an extension to file an Answer or dispositive motion, and the request was granted and confirmed by email with a new due date of July 1, 2024. A copy of the email exchange for the extension request is filed with this Complaint as **Exhibit 1-2**.

15. On June 28, 2024, Smythe made a second request to plaintiff's counsel for an extension to file an Answer or dispositive motion, and the request was granted and confirmed by email with a new due date of July 15, 2024, which was fifty-two days after the Summons and Complaint were served on the LLCs. A copy of the email exchange for the second extension request is filed with this Complaint as **Exhibit 1-3**.

16. On the morning of July 15, 2024, the proposed Answer was approved by Lincoln 2 hours after receiving it and at 10:31 a.m., counsel for Lincoln wrote to Smythe to confirm that he was set to file the Answer in advance of today's deadline. A copy of the confirming email is filed with this Complaint as **Exhibit 1-4**.

17. Despite having two separate extensions, Smythe inexplicably failed to file an Answer to the Underlying Lawsuit on or before the July 15, 2024 deadline.

18. Later in July 2024, counsel for the plaintiff—*keenly aware of Smythe's default*—proposed delaying any hearing on the default, provided TIC agreed to an early mediation and waived rights to file dispositive motions. The parties agreed to an early mediation, which was scheduled for September 18, 2024.

19. On August 12, 2024, counsel for the plaintiff served a time limited settlement demand for payment of $3,000,000 with an August 24, 2024, deadline to accept the demand.

20. On August 14, 2024, Smythe filed a motion for enlargement of time to file an Answer for the LLCs, admitting that "*[d]ue to a mistake, the undersigned counsel failed to file the answer on July 15th*" which was the deadline after the second extension.

21. The hearing on the motion for enlargement of time to file an Answer for the LLCs was scheduled for September 19, 2024, the day after the scheduled date for the mediation.

22. On September 17, 2024, counsel for the plaintiff filed a motion for entry of default against the LLCs.

23. On September 17, 2024, counsel for the plaintiff also filed a memorandum opposing Smythe's motion for enlargement of time, citing long-standing South Carolina law that a lawyer's negligence is imputed to a defending litigant and cannot constitute good cause to relieve that litigant from default. *See e.g.*, *Roberts v. Peterson,* 355 S.E.2d 280 (S.C App. 1987) (observing that the "courts of this state have consistently held that the negligence of an attorney or insurance company is imputable to a defaulting litigant").

24. Smythe did not withdraw from representing TIC or its' insureds notwithstanding their admitted errors in failing to file an Answer within the time permitted by the two extensions.

25. During the mediation, TIC received an unredacted police report showing that the decedent lived with her assailant and knew that he was home when she arrived at the apartments

and was later shot.

26. Because liability is admitted when in default, TIC and its insureds could not use the police report to defend the plaintiff's claim that they were liable for Ms. Straw's death.

27. Because of Smythe's errors leaving no ability to defend their liability to the plaintiff, TIC and its' insureds paid $400,000 to settle the Underlying Lawsuit with the plaintiff.

28. Had Smythe met the standard of care by timely filing an Answer, the available evidence, including the police report, should have defeated the plaintiff's claims that the LLCs were liable and should have led to an Order dismissing or granting summary judgment on all claims against the LLCs.

29. It would have been reasonably foreseeable to a prudent lawyer defending clients in a lawsuit that failing to file an Answer timely, thereby allowing the clients to go into default, would prevent the clients from submitting evidence to establish that they are not liable to the plaintiff for the claims asserted against them.

30. Had Smythe met the standard of care, TIC should have incurred modest legal fees to defend the claims and not paid $400,000 to settle the claim.

31. Because Smythe was in clear breach of their professional and fiduciary duties, all legal fees TIC paid Smythe should be disgorged and returned to TIC.

**FOR A FIRST CAUSE OF ACTION**
**(Legal Professional Negligence)**

11. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

12. By virtue of the tri-partite relationship recognized in South Carolina between Smythe, the LLCs, and TIC, and pursuant to TIC's subrogation rights under its policy, TIC had an

attorney-client relationship with Smythe and/or subrogated to the LLCs' attorney-client rights, pursuant to which Smythe owed a professional duty of due care to the LLCs and TIC.

13. The scope of Mr. Smythe's representation of the LLCs/TIC included:

   a. providing competent legal advice and legal services to defend the claims asserted against the LLCs in the Straw Litigation;

   b. proceeding in a manner reasonably calculated to advance LLCs'/TIC's lawful objectives, including competently defending the claims asserted against the LLCs in the Straw Litigation; and

   c. fulfilling the valid contractual obligations due to TIC.

14. The standard of care required Mr. Smythe to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in performing their tasks.

23. Mr. Smythe failed to meet the minimum standard of care in carrying out their professional duties, thereby breaching professional duties to the LLCs and TIC by his acts or omissions, including but not limited to:

   a. Failing to timely file an Answer within the time permitted by the two extensions granted by counsel for the plaintiff;

   b. Failing to take the actions necessary to avoid having his clients, LLCs, go into default, thereby limiting any ability to defend their liability for the alleged claims; and

   c. Committing other strategic errors during the Straw Lawsuit.

24. Mr. Smythe failed to meet the minimum standard of care, thereby breaching professional duties to the LLCs and TIC in other ways and by other such particulars as the evidence developed during discovery in this case may demonstrate.

25. But for Smythe's errors and omissions, the claims in the Straw Lawsuit were defensible, both on liability and damages.

26. Smythe's failures led to the default, causing TIC damages in the amount of the settlement paid—$400,000 plus the fees paid to Smythe and prejudgment interest on those funds.

27. Had Mr. Smythe met the standard of care by timely filing an Answer, the LLCs would have been able to defend the claims with the available evidence, which included a police report showing the assailant lived with Ms. Straw and she was aware he was coming to the apartment before the shooting took place. This evidence should have defeated the plaintiff's claims that the LLCs were liable and should have led to an Order dismissing or granting summary judgment on all claims against the LLCs.

28. As a direct and proximate result of Mr. Smythe's breach of professional duties, TIC suffered actual damages, consequential, and incidental damages and is entitled to prejudgment interest in an amount to be determined by the jury at the trial of this case.

29. Because of Mr. Smythe's clear and serious breach of his duties to TIC, Mr. Smythe should be ordered to disgorge all legal fees and any other benefits received from TIC.

30. WHEREFORE, Plaintiff TEXAS INSURANCE COMPANY prays for judgment on this cause of action against Defendants WOOD SMITH HENNING & BERMAN, LLC and George B. Smythe, Jr., Esq., jointly and severally, for actual, consequential, and incidental damages suffered, disgorgement of legal fees received and other benefits, pre-judgment interest, and such other relief as the Court may deem reasonable and proper.

## FOR A SECOND CAUSE OF ACTION
**(Breach of Contract)**

31. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

32. Smythe entered into a contract with TIC, the terms of which Smythe agreed and contracted to provide competent and prudent legal services.

33. By virtue of their contract, Smythe owed duties to TIC to provide competent and prudent legal services.

34. Smythe failed to provide competent and prudent legal services thereby breaching their contractual duties to TIC.

35. Smythe failed to provide competent and prudent legal services thereby breaching their contractual duties to TIC by other such particulars as the evidence in this case may demonstrate.

36. As a direct and proximate result of Smythe's breach of their contractual duties by the actions and omissions as specified herein, TIC sustained actual, consequential, incidental, and special damages in an amount to be determined by the jury at the trial of this case.

37. WHEREFORE, Plaintiff TEXAS INSURANCE COMPANY prays for judgment on this cause of action against Defendants WOOD SMITH HENNING & BERMAN, LLC and George B. Smythe, Jr., Esq., jointly and severally, for actual, consequential, and incidental damages suffered, pre-judgment interest, and such other relief as the Court may deem reasonable and proper.

## TRIAL BY JURY

38. TIC requests and demands a jury trial on all claims and issues so triable.

## EXPERT AFFIDAVIT

39. Pursuant to S.C. CODE ANN. § 15-36-100 (2006), filed with this Complaint and incorporated herein by reference as **Exhibit 1-5**, is the affidavit of Robert D. Dodson, Esq., who has experience in representing clients in civil litigation, which specifies at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence

at the time of the filing of the affidavit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs TEXAS INSURANCE COMPANY prays for judgment on each cause of action against Defendants WOOD SMITH HENNING & BERMAN, LLC and George B. Smythe, Jr., Esq., jointly and severally, for all actual damages, consequential damages, and incidental damages, disgorgement of legal fees and all other benefits received, for prejudgment interest, all in an amount to be proven at trial, and the costs of this action, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

*/s/ Thomas A. Pendarvis*
Thomas A. Pendarvis (SC Bar #64918)
PENDARVIS LAW OFFICES, P.C.
710 Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500
Thomas@PendarvisLaw.com

Counsel for Plaintiff TEXAS INSURANCE COMPANY

November 24, 2025

Beaufort, South Carolina

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Civil Action No. 2:25-cv-_____-____

TEXAS INSURANCE COMPANY,

                              Plaintiff,

vs.

WOOD SMITH HENNING & BERMAN, LLC and
George B. Smythe, Jr., Esq.,

                              Defendants.

## VERIFICATION

PERSONALLY appeared before me, Jeffrey A. Silver, Esq., who says that he has read the foregoing Verified Complaint, that the statements contained therein are true to the best of his knowledge except as to those stated to be based upon information and belief, as to which he believes such matters to be true.

_____
Jeffrey A. Silver

Sworn to before me this 21 day of November, 2025

_____
NOTARY PUBLIC FOR NEBRASKA

GENERAL NOTARY - State of Nebraska
LINDA S. DAVIS
My Comm. Exp. September 1, 2027

My commission expires: 09/01/2027