| | | |
|---|---|---|
| TEXAS INSURANCE COMPANY, | ) | **C.A. NO. 2:25-cv-13541-DCN** |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **ANSWER ON BEHALF OF DEFENDANTS WOOD SMITH HENNING & BERMAN, LLC AND GEORGE B. SMYTHE, JR., ESQ.** |
| | ) | |
| WOOD SMITH HENNING & BERMAN, | ) | |
| LLC AND GEORGE B. SMYTHE, JR., | ) | |
| ESQ., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**TO:     THOMAS A. PENDARVIS, ESQUIRE, ATTORNEY FOR THE PLAINTIFFS:**

**COME NOW** Defendants Wood Smith Henning & Berman, LLC ("the Firm") and George B. Smythe, Jr., Esq., ("Mr. Smythe" and collectively, "the Defendants"), by and through their undersigned counsel, and answer Plaintiff's Complaint as follows:

1.     Any allegation in the Plaintiff's Complaint not otherwise specifically admitted, modified or denied is hereby expressly denied and strict proof thereof is demanded.

2.     Answering the allegations in Paragraph 1 of Plaintiff's Complaint, the Defendants admit that Plaintiff Texas Insurance Company (TIC) retained them to represent and defend its insureds. The Defendants further  admit that TIC's insureds were named as defendants in a wrongful death lawsuit brought on behalf of Wynter Straw, who, upon information and belief, was killed by her husband at an apartment complex premises. Further answering, Defendants admit that TIC settled the Underlying Lawsuit at mediation and, in further response, generally refer to the pleadings in that matter for their contents. The Defendants deny the remaining allegations in Paragraph 1 and demand strict proof thereof. To the extent the allegations in this

paragraph state and/or call for legal conclusions, no response is required. To the extent the allegations in this paragraph allege a duty to the plaintiff and/or liability for damages, they are denied.

3. Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint, upon information and belief.

4. Answering the allegations in Paragraph 3 of Plaintiff's Complaint, Defendants admit that the Firm has an office in Charleston, SC but deny the remaining allegations in this paragraph.

5. Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

6. The allegations in Paragraph 5 of Plaintiff's Complaint state and/or call for legal conclusions, which require no response from the Defendants. To the extent they reference their obligations to the LLC's Defendants crave reference thereto for their terms.

7. The Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters alleged in Paragraph 6 at this time. To the extent these allegations state and/or call for legal conclusions, no response is required.

8. The allegations in Paragraphs 7 and 8 of Plaintiff's Complaint state and/or call for legal conclusions, which require no response from the Defendants.

9. Answering the allegations in Paragraph 5[1] in the "Facts" Section of Plaintiff's Complaint, Defendants would crave reference to the actual insurance policy for the truth of the matters alleged and deny any allegations inconsistent therewith.

---

[1] The numbering in Plaintiff's Complaint jumps from Paragraph 8 to Paragraph 5. The paragraphs will now restart at 5 in this Answer.

10. Answering the allegations in Paragraph 6 of Plaintiff's Complaint, Defendants would crave reference to the actual Management Agreement(s) for the truth of the matters alleged and deny any allegations inconsistent therewith.

11. Defendants admit the allegations in Paragraphs 7 and 8 of Plaintiff's Complaint, upon information and belief.

12. Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint, Defendants would crave reference to the actual Complaint in the Underlying Lawsuit for the truth of the matters alleged and deny any allegations inconsistent therewith.

13. Defendants admit the allegations in Paragraphs 10, 11, and 12 of Plaintiff's Complaint.

14. Answering the allegations in Paragraph 13 of Plaintiff's Complaint, Defendants admit that they accepted the engagement to represent the LLCs and to comply with the standard of care in the representation of the clients. The remaining allegations in this paragraph state and/or call for legal conclusions, which require no response.

15. Answering the allegations in Paragraphs 14 and 15 of Plaintiff's Complaint, Defendants crave reference to the actual e-mail communications referenced in these paragraphs for the truth of the matters alleged, and deny any allegations inconsistent therewith. The Defendants further deny any allegations in this paragraph that are intended to allege or imply liability, causation, or damages as to them.

16. Answering the allegations in Paragraph 16 of Plaintiff's Complaint, Defendants crave reference to the actual e-mail communications for the truth of the matters alleged, and deny any allegations inconsistent therewith. The Defendants further deny any allegations in this paragraph that are intended to allege or imply liability, causation, or damages as to them.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint as written.

18. Answering the allegations in Paragraph 18 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel agreed not to pursue default and that the parties subsequently agreed to an early mediation, which was scheduled for Sep. 18, 2024. Defendants deny the remaining allegations as stated and deny any allegations in this paragraph that are intended to allege or imply liability, causation, or damages as to them.

19. Answering the allegations in Paragraph 19 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel sent a time-limited settlement demand for payment of $3,000,000 but deny the remaining allegations in this paragraph.

20. Answering the allegations in Paragraph 20 of Plaintiff's Complaint, Defendants admit that on August 14, 2024, Defendants filed a motion for enlargement of time but crave reference to the motion itself for the truth of the matters alleged and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph and any allegations that are intended to allege or imply liability, causation, or damages as to them.

21. Defendants admit the allegations in Paragraphs 21 and 22 of Plaintiff's Complaint.

22. Answering the allegations in Paragraph 23 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel in the Underlying Lawsuit filed a memorandum opposing the motion for enlargement of time, but Defendants crave reference to the memorandum itself for the truth of the matters alleged and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph and any allegations that are intended to allege or imply liability, causation or damages as to them.

23.     Answering the allegations in Paragraph 24 of Plaintiff's Complaint, Defendants admit that they ultimately did not withdraw a counsel in the Underlying Lawsuit but deny the remaining allegations in this paragraph as stated.

24.     Defendants neither admit nor deny the matters alleged in Paragraph 25 of Plaintiff's Complaint at this time due to concerns about rules of confidentiality and activities of mediation, pursuant to Rule 8(a), SCADR.

25.     The allegations in Paragraph 26 of Plaintiff's Complaint state and/or call for legal conclusions, which require no response from the Defendants.  To the extent they require a response, they are denied.

26.     Answering the allegations in Paragraph 27 of Plaintiff's Complaint, Defendants admit that TIC settled the Underlying Lawsuit with the plaintiff but deny the remaining allegations in this paragraph.

27.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

28.     The allegations in Paragraph 29 of Plaintiff's Complaint state and/or call for legal conclusions, which require no response from the Defendants. To the extent that a response is required from the Defendants, they deny any and all allegations in this paragraph that are intended to allege or imply liability, causation, or damages against them.

29.     Defendants deny the allegations in Paragraphs 30 and 31 of Plaintiff's Complaint.

30.     Answering Paragraph 11[2] of Plaintiff's Complaint, Defendants restate and incorporate their previous responses as if fully set forth herein.

31.     The allegations in Paragraph 12 of Plaintiff's Complaint state and/or call for legal conclusions, which require no response from the Defendants. To the extent that a response is

---

[2] The numbering in Plaintiff's Complaint jumps from Paragraph 31 to Paragraph 11. The paragraphs will now restart at 11 in this Answer.

required from the Defendants, they deny any and all allegations in this paragraph that are intended to allege or imply liability, causation, or damages against them. Further answering, Defendant denies that it had an attorney-client relationship with the plaintiff and that its duties, if any, do not arise from such a relationship. Further answering, Defendants deny they owed a duty to the plaintiff as alleged herein.

32. Answering the allegations in Paragraph 13 of Plaintiff's Complaint, Defendants admit they undertook a duty to the LLCs in accordance with the standard of care in that representation. Further answering, Defendant denies that it had an attorney-client relationship with the plaintiff and that its duties, if any, do not arise from such a relationship. Further answering, Defendants deny they owed a duty to the plaintiff as alleged herein.

33. Defendants admit the allegations in Paragraph 14 of Plaintiff's Complaint and undertook a duty to comply with the standard of care at all times in their representation of the LLCs. Any allegation consistent with this admission is expressly denied.

34. Defendants deny the allegations in Paragraphs 23,[3] 24, 25, 26, 27, 28, 29, and 30 of Plaintiff's Complaint, including all subparts thereto, as written and demand strict proof thereof. Defendants admit they had a duty to file a timely answer to the complaint on behalf of its clients and provide representation in accordance with the standards of care/. Defendants deny they owed a duty to the plaintiff as alleged therein.

35. Answering Paragraph 31 of Plaintiff's Complaint, Defendants restate and incorporate their previous responses as if fully set forth herein.

36. Defendants deny the allegations in Paragraphs 32 and 33 of Plaintiff's Complaint, as it owed no legal duty to TIC as alleged herein.

---

[3] The numbering in Plaintiff's Complaint jumps from Paragraph 14 to Paragraph 23. The paragraphs will now restart at 23 in this Answer.

37. Defendants deny the allegations in Paragraphs 34, 35, 36, and 37 of Plaintiff's Complaint, including all subparts thereto, and demand strict proof thereof.

38. Answering Paragraph 38 of Plaintiff's Complaint, Defendants also demand a jury trial.

39. Answering the allegations in Paragraph 39 of Plaintiff's Complaint, Defendants admit that Plaintiff attached and filed an affidavit from Robert D. Dodson, Esq. in connection with its Complaint, but Defendants deny the allegations in Mr. Dodson's affidavit and further deny any remaining allegations in this paragraph. To the extent that the allegations in this paragraph state and/or call for legal conclusions, no response is required.

40. Answering the allegations in Plaintiff's Prayer for Relief Paragraph of the Complaint, Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

## FURTHER ANSWERING AND BY WAY OF A
## FURTHER DEFENSE

41. Plaintiff's Complaint fails to state facts sufficient to support some, if not all, of the causes of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FURTHER ANSWERING AND BY WAY OF A
## FURTHER DEFENSE

42. The Defendants did not owe the legal duties as alleged herein to the plaintiff and as such the claims must fail. Further, the alleged claims and alleged duty fail as a direct result of a conflict with the interests of the LLCs.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER DEFENSE**

43. Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time. Accordingly, the Plaintiff is not entitled to recover any damages whatsoever.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER DEFENSE**

44. Defendants assert that no act, omission, representation, or fault of Defendants were the cause in fact or legal cause of Plaintiff's alleged damages, if any.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER DEFENSE**

45. To the extent the Defendants are determined to be a party to an agreement with TIC, based on Plaintiff's own allegations that Defendants are a party to a contract (*see* breach of contract claim), Plaintiff's claim for professional negligence must fail.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER DEFENSE**

46. The damages Plaintiff claims in this lawsuit, the existence and scope of such damages being expressly denied, were not proximately caused by any act or omission of these Defendants.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER DEFENSE**

47. That any award or assessment of punitive damages as prayed for by the Plaintiff would violate Defendants' constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER DEFENSE**

48. Defendant would affirmatively assert that they would be entitled to any and all benefits and any and all monetary limitations or caps of liability and/or damages, particularly punitive damages, as provided for in S.C. Code Ann. §15-32-510; §15-32-520; §15-32-530; §15-32-540; and any other applicable provisions under the acts, which is pled as a limitation or partial bar to the Plaintiff's claims and alleged damages. Defendant reserves the right to request bifurcation in accordance with these code sections.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER DEFENSE**

49. Plaintiff's claims are barred by the doctrine of compromise, settlement, and/or release.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER DEFENSE**

50. Defendant would allege and show that any damages sustained by Plaintiff as alleged in the Complaint, which are denied, were due to and were caused and occasioned by the Plaintiff's own acts of comparative negligence, negligent or intentional misrepresentations, carelessness, recklessness, heedlessness, willfulness and wantonness, which acts combined, contributed to, and concurred with any alleged negligence, which is denied, on the part of this Defendant.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER DEFENSE**

51. Plaintiff cannot show it was proximately harmed by any alleged error of the defendant as it would not have had any better outcome in the underlying case due to its own

negligent acts in relation to the construction of the building, and therefore Plaintiff's Complaint must be dismissed.

## FURTHER ANSWERING AND BY WAY OF A
### FURTHER DEFENSE

52. The Plaintiffs' claims, in whole or in part, should be dismissed for failure to mitigate damages.

## FURTHER ANSWERING AND BY WAY OF A
### FURTHER DEFENSE

53. The Defendants exercised independent and reasonable professional judgment at all relevant times.

## FURTHER ANSWERING AND BY WAY OF A
### FURTHER DEFENSE

54. Plaintiff's allegations assume obligations non-existent, not contracted for, and/or outside any agreement or relationship of the parties.

## FURTHER ANSWERING AND BY WAY OF A
### FURTHER DEFENSE

55. Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves their rights to amend their Answer to assert any such defenses.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants pray that the Court issue an order dismissing this case with prejudice, and for such other relief as this Court may deem just and proper.

**[Signature Page Follows]**

**CLEMENT RIVERS, LLP**


By:  *s/ D. Jay Davis, Jr.*
D. Jay Davis, Jr.  (Federal Bar No. 6723)
Kara S. Grevey  (Federal Bar No. 12154)
T. Ashton Phillips, III (Federal Bar No. 13205)
P.O. Box 993, Charleston, SC 29402
(843) 720-5406
jdavis@ycrlaw.com; aphillips@ycrlaw.com
kgrevey@ycrlaw.com
*Attorneys for the Defendants Wood Smith Henning*
*& Berman, LLC and George B. Smythe, Jr., Esq.*

Charleston, South Carolina

Dated: February 17, 2026